## MORRISSEY v. COMMISSIONER OF INTERNAL REVENUE.
### No. 8900.

Circuit Court of Appeals, Ninth Circuit.
April 11, 1939.

Claude I. Parker and Ralph W. Smith, both of Los Angeles, Cal., and L. A. Luce, of Washington, D. C. (William A. Breen, of San Francisco, Cal., of counsel), for petitioner.

James W. Morris, Asst. Atty. Gen., and Sewall Key, Berryman Green, and Harry Marselli, Sp. Assts. to Atty. Gen., for respondent.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals sustaining, in part, a determination by the Commissioner of Internal Revenue that there were deficiencies in respect of petitioner's income tax for 1932 and 1933.

Petitioner is an inheritance tax appraiser of the State of California. He appraises estates in probate for the state inheritance tax and for the probate court's administration. His income for these services for the years in question consisted of a salary paid by the state, and fees, provided for by statute, paid out of the particular estates appraised.

The Board of Tax Appeals held that portion of petitioner's compensation which was charged against and paid out of the estates was subject to tax.

The case was submitted prior to the overruling by the Supreme Court on March 27, 1939, in Graves et al. v. New York ex rel. O'Keefe, [1] of the doctrine of implied constitutional immunity of state officers' compensation from federal taxation held in Collector v. Day, 11 Wall. 113, 20 L.Ed. 122. Three questions then were presented to us:

A. Did Congress by reenacting in 1932 the identical applicable provisions of the income tax statute of 1928 exempt from taxation the income of state officers earned by performing an essential governmental function, because a purported regulation of the Secretary of the Treasury made under the Act of 1928, exempted such income?

B. Was that portion of the taxpayer's compensation derived from statutory fees subject to tax on the ground that the taxpayer, admitted by respondent to hold a state office and who appraised estates for the dual purpose of inheritance taxation [2] and probate proceedings, [3] received no part of such fees as compensation for performing as a state officer an essential governmental function?

C. Was that portion of the taxpayer's compensation derived from statutory fees subject to tax because paid out of the particular estates appraised rather than from state funds?

■ A. The reenactment of statutory provisions after an administrative officer has made an authorized regulation extending the detail of their administration, gives such regulation the force of law. Helvering v. R. J. Reynolds Tobacco Co., 59 S.Ct. 423, 426, 83 L.Ed. ——. The question was here present whether a purported treasury regulation merely detailed the administration of or constituted an attempted amendment of statutory provisions.

■ Sections 22(a) of the Revenue Acts of 1928 and 1932, 26 U.S.C.A. § 22(a), both describe the incomes subject to taxation to be "gains, profits, and income derived from salaries, wages, or compensation for personal service, of whatever kind and in whatever form paid * * *".

Sections 22(b) and 116 of the Revenue Acts of 1928 and 1932, 26 U.S.C.A. §§ 22 and note, 116 and note, specify the incomes of certain personal services and of the states from certain sources which are excluded from the tax. The expressly named exemptions include the incomes of certain employees in the territories and of the states from their utilities; they do not include income of state officers or employees. Nevertheless, a treasury regulation (Treasury Regulation 74, Art. 643), promulgated under the 1928 Act, attempted to make additional exemption of compensation "paid to its officers and employees by a State or political subdivision thereof for services rendered in connection with the exercise of an essential governmental function of the State or political subdivision, * * *. Compensation received for services rendered to a State or political subdivision thereof is included in gross income unless (a) the person receives such compensation as an officer or employee of a State or political subdivision, and (b) the services are rendered in connection with the exercise of an essential governmental function. * * *".

The pertinent provisions of this regulation were continued in Treasury Regula-

---

[1] 59 S.Ct. 595, 83 L.Ed. ——.

[2] Sec. 14 of former California Inheritance Tax Act; 1921 Calif.Stats. pp. 1514, 1515, (Repealed by 1935 Calif. Stats. p. 1292); Deering's General Laws of Calif. (1931), Act No. 8443 (Repealed by Deering's 1935 Supplement, Act No. 8495). Calif. Political Code, §§ 445, 904; Deering's Political Code of Calif. (1937) §§ 445, 904.

[3] Secs. 605 and 609 of Calif. Probate Code; 1931 Calif.Stats. pp. 621, 622; 1933 Calif.Stats. pp. 715, 852; Deering's Probate Code of Calif. (1937) §§ 605, 609.

tions 77, Art. 643, for the Act of 1932, until January 7, 1938, when they were amended.

In Helvering v. Gerhardt, 304 U.S. 405, 423, 58 S.Ct. 969, 82 L.Ed. 1427, the Supreme Court held that such a regulation attempting to create such additional exemption was beyond the regulatory power of the Secretary, and that the compensation of state officers and employees so could not be exempted from the tax.

We find it unnecessary, therefore, to pass upon whether that portion of petitioner's compensation here in controversy would come within the exemption provisions of Treasury Regulations 77, Art. 643, promulgated under the 1932 Act, as they existed prior to their amendment in 1938, were the pertinent provisions of that regulation valid.

Taking the view that the reach of the applicable statute includes the compensation of the petitioner, we next consider whether, even accepting petitioner's contention that his compensation is for the performance by a state officer of a state governmental function, the taxation thereof is within the constitutional power of Congress.

■ Questions B and C, supra, whose determination involved the doctrine of implied constitutional immunity from federal income taxation of officers of a state government, have become moot since the decision in Graves et al. v. New York ex rel. O'Keefe, supra. Petitioner relied on this doctrine held in Collector v. Day, supra. His brief recognized the narrowing in 1938 of the expanded application of its doctrine in Mr. Justice Stone's opinion in the Gerhardt case, supra. Petitioner contended that the language of page 415 of 304 U.S., page 973 of 58 S.Ct., of the Gerhardt case, " * * * It is enough for present purposes that the state immunity from the national taxing power, when recognized in Collector v. Day, supra, was narrowly limited to a state judicial officer engaged in the performance of a function which pertained to state governments at the time the Constitution was adopted, without which no state 'could long preserve its existence' ", left the law as expressed in the dictum of the opinion in Metcalf & Eddy v. Mitchell, 269 U. S. 514, 522, 46 S.Ct. 172, 174, 70 L.Ed. 384, " * * * this court has repeatedly held that those agencies through which either government immediately and directly exercises its sovereign powers, are immune from the taxing power of the other. Thus the employment of officers who are agents to administer its laws (Collector v. Day; Dobbins v. Commissioner of Erie County [16 Pet. 435, 10 L.Ed. 1022], supra), * * * are all so intimately connected with the necessary functions of government, as to fall within the established exemption; * * * ".

■ The Supreme Court in Mr. Justice Stone's opinion in Graves et al. v. New York ex rel. O'Keefe, supra, decided March 27, 1939, overrules this doctrine of implied immunity, holding [59 S.Ct. 601], "Collector v. Day, supra, and New York ex rel. Rogers v. Graves [299 U.S. 401, 57 S.Ct. 269, 81 L.Ed. 306], supra, are overruled so far as they recognize an implied constitutional immunity from income taxation of the salaries of officers or employees of the *national* or a *state* government or their instrumentalities". [4] (Italics supplied).

Though the O'Keefe case concerned a *federal* employee's compensation, and here it is that of a *state* officer, the O'Keefe decision is but a particular application of a broader principle controlling officers and employees of both sovereignties.

Since, if petitioner's contention be correct that his compensation is for the performance by a state officer of a state governmental function, it is nevertheless taxable, the decision of the Board of Tax Appeals is affirmed.

Affirmed.

MATHEWS, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals (Drapeau v. Com'r, 36 B.T.A. 730), which determined that there were deficiencies of $667.61 and $234.45 in respect of petitioner's income tax for 1932 and 1933. The decision was rendered on December 2, 1937. The petition for review was filed with the Board on February 28, 1938. The record was filed here on July 23, 1938. The case was argued on February 15, 1939.

The question presented was whether that portion of petitioner's income which he— a State inheritance tax appraiser—received from decedents' estates appraised by him was compensation for services rendered in connection with the exercise of an essential governmental function of the State, within the meaning of Treasury Regulations 77, Art. 643. The question is ren-

---

[4] Commerce Clearing House Supreme Court Service, Opinion Volume, page 7463; 6 U.S.Law Week, page 1033.

dered moot by Graves v. New York ex rel. O'Keefe, 59 S.Ct. 595, 83 L.Ed. ——, decided March 27, 1939. See, also, Helvering v. Gerhardt, 304 U.S. 405, 411-424, 58 S.Ct. 969, 82 L.Ed. 1427.

The decision should be affirmed.