HELVERING, COMMISSIONER OF INTERNAL REVENUE, *v.* R. J. REYNOLDS TOBACCO CO.

No. 328. Argued January 6, 1939.—Decided January 30, 1939.

*Mr. Paul A. Freund,* with whom *Solicitor General Jackson, Assistant Attorney General Morris,* and *Messrs. J. Louis Monarch* and *Morton K. Rothschild* were on the brief, for petitioner.

*Mr. J. G. Körner, Jr.* for respondent.

Mr. Justice Roberts delivered the opinion of the Court.

The sole question for decision is whether gain accruing to a corporation consequent on the purchase and re-

sale of its own shares constitutes gross income within the meaning of § 22 (a) of the Revenue Act of 1928.[1]

The respondent, a New Jersey corporation, on occasion between 1921·and 1929, purchased its own Class B common stock for reasons of policy, such as the elimination of a very large single holding, the broadening of the ownership of the stock, and the support of the market to protect the investments of employe shareholders. This stock was resold from time to time.. ·While held it was treated as treasury stock and the cost of it was entered in the accounts as "Investments in Non-competitive Companies." The books showed no increase or reduction of capital stock on account of purchases or sales. During 1929 the company sold shares acquired in that and prior years for a sum which exceeded cost by $286,581.21, which amount was entered in the books as a cash item and added to surplus. In its income tax return for 1929 the company listed this gain under the caption "Other Items of Non-Taxable Income," as "Profit R. J. R. Stock."

The Commissioner determined a deficiency in the tax paid for 1929 involving items not here in controversy and the company appealed to the Board of Tax Appeals where those items were adjusted. Before the case was closed the Commissioner by amended answer alleged that the taxpayer's net income should be increased by the amount of the "net profit realized . . . through trafficking in Class B common stock of the . . . Company," and claimed a resulting deficiency. He based his claim upon Treasury Regulation 74, Article 66, as amended by a Treasury decision of May 2, 1934,[2] which states "where a corporation deals in its own shares as it might in the shares of another corporation, the resulting gain or loss

[1] c. 852, 45 Stat. 791.
[2] Treasury decision 4430, XIII Cumulative Bulletin 36,

is to be computed in the same manner as though the corporation were dealing in the shares of another."

The Board, after finding the facts in detail, sustained the Commissioner.[3] The Circuit Court of Appeals reversed the Board's ruling.[4] Because of asserted conflict we granted the writ of certiorari.[5]

Section 22 (a) is: "General definition.—'Gross income' includes gains, profits, and income derived from salaries, wages, or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever." Section 62 directs the Commissioner, "with the approval of the Secretary" of the Treasury, to "prescribe and publish all needful rules and regulations for the enforcement of this title." Article 66 of Treasury Regulations 74, promulgated under the Act of 1928, so far as material, is: "If . . . the corporation purchases any of its stock and holds it as treasury stock, the sale of such stock will be considered a capital transaction and the proceeds of such sale will be treated as capital and will not constitute income of the corporation. A corporation realizes no gain or loss from the purchase or sale of its own stock."

Petitioner contends that, as Congress must be taken to have exercised its constitutional power to the fullest extent in laying the tax, § 22 (a) should be held to include the gain realized from sales of a corporation's own

[3] 35 B. T. A. 949.

[4] *R. J. Reynolds Tobacco Co.* v. *Commissioner,* 97 F. 2d 302.

[5] See *First Chrold Corp.* v. *Commissioner, post,* p. 117.

stock, and the quoted regulation cannot restrict the scope of the statutory definition. The respondent replies that such gain is capital gain and not income, as is demonstrated by the theory and practice of accounting [6] and by court decisions.[7]  The court below found it unnecessary to decide this issue, holding that whether the increment is income is at least a debatable question and the regulation was, therefore, proper as an interpretation of the meaning of the section.  We agree that § 22 (a) is so general in its terms as to render an interpretative regulation appropriate.[8]

The administrative construction embodied in the regulation has, since at least 1920, been uniform with respect to each of the revenue acts from that of 1913 to that of 1932, as evidenced by Treasury rulings and regulations, and decisions of the Board of Tax Appeals.[9]  In the

[6] See e. g. Dickinson, "Accounting Practice and Procedure," 130, 132; Sunley and Pinkerton, "Corporation Accounting," 121; Streightoff, "Advanced Accounting," 134–5.

[7] *Johnson* v. *Commissioner*, 56 F. 2d 58; *Squibb & Sons* v. *Helvering*, 98 F. 2d 69; compare, *Borg* v. *International Silver Co.*, 11 F. 2d 143, 147; *Commissioner* v. *Inland Finance Co.*, 63 F. 2d 886; *Carter Hotel Co.* v. *Commissioner*, 67 F. 2d 642.

[8] *Morrissey* v. *Commissioner*, 296 U. S. 344, 354.

[9] See L. O. 1035, 2 C. B. 132, 3 C. B. 160; L. O. 296, 5 C. B. 210; L. O. 426, 5 C. B. 210; A. A. R. 693, 5 C. B. 207; I. T. 1198, C. B. I–1, 275; A. A. R. 799, C. B. I–1, 374; I. T. 1802, C. B. II–2, 267. Reg. 45, Arts. 542 and 563; Reg. 62, Arts. 543 and 563; Reg. 65, Arts. 543 and 563; Reg. 69, Arts. 543 and 563; Reg. 74, Arts. 66 and 176; Reg. 77, Arts. 66 and 176.  Simmons & Hammond Mfg. Co., 1 B. T. A. 803; Cooperative Furniture Co., 2 B. T. A. 165; Atlantic Carton Corp., 2 B. T. A. 380; Hutchins Lumber & Storage Co., 4 B. T. A. 705; Farmers Deposit Nat. Bank, 5 B. T. A. 520; H. S. Crocker Co., 5 B. T. A. 537, 541; Interurban Construction Co., 5 B. T. A. 529; Liberty Agency Co., 5 B. T. A. 778; Union Trust Co., 12 B. T. A. 688, 690; 105 West 55th Street, Inc., 15 B. T. A. 210, 213; American Cigar Co., 21 B. T. A. 464, 495; Carter Hotel Co., 25 B. T. A. 933.

meantime successive revenue acts have reënacted, without alteration, the definition of gross income, as it stood in the Acts of 1913, 1916, and 1918.[10] Under the established rule Congress must be taken to have approved the administrative construction and thereby to have given it the force of law.

The petitioner concedes that if nothing further appeared he would be bound to apply the statute in conformity to the regulation. He asserts, however, that the amendment adopted by the Treasury May 2, 1934, while this cause was pending before the Board, is controlling. By the amendment Article 66 is made to read: "Whether the acquisition or disposition by a corporation of shares of its own capital stock gives rise to taxable gain or deductible loss depends upon the real nature of the transaction, which is to be ascertained from all its facts and circumstances. . . .

"But where a corporation deals in its own shares as it might in the shares of another corporation, the resulting gain or loss is to be computed in the same manner as though the corporation were dealing in the shares of another. . . . Any gain derived from such transactions is subject to tax, and any loss sustained is allowable as a deduction where permitted by the provisions of applicable statutes."

Petitioner urges that the amendment operates retroactively and governs the ascertainment of gross income for taxable periods prior to the date of its promulgation, and, further, since Congress has reënacted § 22 (a) in the Revenue Acts of 1936 and 1938, it has approved the regu-

---

[10] See R. A. 1913, § II, B, 38 Stat. 167; R. A. 1916, § 2 (a), 39 Stat. 757; R. A. 1918, § 213 (a), 40 Stat. 1065; R. A. 1921, § 213 (a), 42 Stat. 238; R. A. 1924, § 213 (a), 43 Stat. 267; R. A. 1926, § 213 (a), 44 Stat. 23; R. A. 1928, § 22 (a), 45 Stat. 797; R. A. 1932, § 22 (a), 47 Stat. 178.

lation as amended. We hold that the respondent's tax liability for the year 1929 is to be determined in conformity to the regulation then in force.

Section 605 of the Revenue Act of 1928 provides that "In case a regulation or Treasury decision relating to the internal-revenue laws is amended by a subsequent regulation or Treasury decision made by the Secretary or by the Commissioner with the approval of the Secretary, such subsequent regulation or Treasury decision may, with the approval of the Secretary, be applied without retroactive effect." [11] It is clear from this provision that Congress intended to give to the Treasury power to correct misinterpretations, inaccuracies, or omissions in the regulations and thereby to affect cases in which the taxpayer's liability had not been finally determined, unless, in the judgment of the Treasury, some good reason required that such alterations operate only prospectively. The question is whether the granted power may be exercised in an instance where, by repeated reenactment of the statute, Congress has given its sanction to the existing regulation.

Since the legislative approval of existing regulations by reenactment of the statutory provision to which they appertain gives such regulations the force of law, we think that Congress did not intend to authorize the Treasury to repeal the rule of law that existed during the period for which the tax is imposed. We need not now determine whether, as has been suggested, [12] the alteration of the existing rule, even for the future, requires a legislative declaration or may be shown by reenactment of the statutory provision unaltered after a change in the ap-

---

[11] 45 Stat. 874. Somewhat similar provisions were contained in earlier acts. See Revenue Act of 1921, § 1314, 42 Stat. 314; Revenue Act of 1926, § 1108 (a), 44 Stat. 114.

[12] *Squibb & Sons* v. *Helvering*, 98 F. 2d 69, 70.

plicable regulation. As the petitioner points out, Congress has, in the Revenue Acts of 1936 and 1938, retained § 22 (a) of the 1928 Act *in haec verba*. From this it is argued that Congress has approved the amended regulation. It may be that by the passage of the Revenue Act of 1936 the Treasury was authorized thereafter to apply the regulation in its amended form. But we have no occasion to decide this question since we are of opinion that the reënactment of the section, without more, does not amount to sanction of retroactive enforcement of the amendment, in the teeth of the former regulation which received Congressional approval, by the passage of successive Revenue Acts including that of 1928.

The judgment is

*Affirmed.*