**OHIO STATE LIFE INS. CO. v. BUSEY,**
Collector of Internal Revenue.
Civil Action No. 292.

District Court, S. D. Ohio, E. D.

May 2, 1944.

Clarence L. Peterson and Arnold, Wright, Purpus & Harlor, all of Columbus, Ohio, for plaintiff.

Calvin Crawford, U. S. Atty., of Cincinnati, Ohio, and Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and Geo. H. Zeutzius, Assts. to Atty. Gen., for defendant.

UNDERWOOD, District Judge.

The Ohio State Life Insurance Company filed its complaint herein against Harry F. Busey, Collector of Internal Revenue, seeking to recover the sum of $501.60 assessed against the plaintiff and paid by it as documentary stamp taxes with respect to its issuance of stock dividends. The defendant has filed his answer; briefs have been filed on behalf of both plaintiff and defendant; a stipulation has been agreed upon and filed, and upon these, the case has been submitted to the Court.

There is little or no dispute as to the facts of the case, and these have been, in general, agreed upon in the stipulation. For the purposes of this memorandum, the statement of facts may be taken as set forth in the brief of the plaintiff. This statement, with but slight modification, reads as follows: Prior to January 25, 1940, plaintiff's capital stock was five hun-

dred thousand dollars, represented by fifty thousand shares of ten dollars par value each. On January 25, 1940, plaintiff's stockholders adopted a resolution amending the articles of incorporation and charter to provide for a capital stock of one million dollars, divided into one hundred thousand shares of a par value of ten dollars each. On the same day the stockholders also adopted a resolution recommending to the board of directors that it effect the authorized increase by transferring five hundred thousand dollars from the surplus to the stated capital of the company by declaring a stock dividend to stockholders of the company in the amount of five hundred thousand dollars, divided into fifty thousand fully paid and non-assessable shares of precisely the same character as the old capital stock shares and of the par value of ten dollars each.

On the same day, plaintiff's board of directors passed a resolution increasing plaintiff's capital stock from five hundred thousand dollars, to one million dollars, divided into one hundred thousand shares of a par value of ten dollars each. On the same day the board of directors declared a stock dividend in the amount of five hundred thousand dollars. Thereafter, stock certificates were issued in accordance with the aforementioned resolutions and five hundred thousand dollars was transferred from surplus to capital stock to cover the additional stock thus issued and distributed as a stock dividend, thus increasing plaintiff's capital stock from five hundred thousand dollars to one million dollars.

The Commissioner of Internal Revenue assessed a stamp tax of $501.60 on the shares issued in connection with this stock dividend. Plaintiff paid the tax under protest and filed its claim for refund which was denied. This case was then filed to recover the tax which plaintiff contends was illegally, wrongfully and erroneously assessed and collected.

The assessment in question was made under Section 1802(a) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 1802(a), which imposes a stamp tax: "On each original issue, whether on organization or reorganization, of shares or certificates of stock, or of profits, or of interest in property or accumulations, by any corporation, * * * on each $100 of par or face value or fraction thereof of the certificates issued by such corporation * * * (or of the shares where no certificates were issued), 10 cents * * *." Section 1809 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 1809, imposes the tax on the corporation issuing the stock.

In connection with this statute, Article 28 of Treasury Regulations 71 names as an example of the issues subject to the original issue tax: "(e) Stock dividend * * * certificates."

The question for determination in this case is purely a question of law. It is the contention of the plaintiff that the words contained in the statute, "whether on organization or reorganization," are restrictive and exclude all stock issues which are not issued upon reorganization or organization of the company in question. The defendant takes the position that the tax is imposed upon original issues generally, and that the words "whether on organization or reorganization", do not restrict the meaning as contended by the plaintiff.

■ This particular language of the statute is interpreted by Article 25, Treasury Regulations as follows: "* * * The phrase 'whether on organization or reorganization', as used in the Act, means whether on organization or reorganization or not, and does not limit the operation of the statute to occasions of organization or reorganization." The statute, insofar as material to this case, has contained the identical language here in question, for the past twenty years, and during that interval, it has been many times re-enacted. Throughout the period, Treasury Regulations included stock dividend certificates as being subject to the original issue stamp tax. It follows, that under the rule stated by the Supreme Court of the United States in Helvering v. R. J. Reynolds Tobacco Co., 306 U.S. 110, 115, 59 S.Ct. 423, 83 L.Ed. 536, such regulations have acquired the force of law.

■ This Court is not unduly concerned with the language of the Regulations; the principal question here presented is what is the meaning of the words "whether on organization or reorganization," as used in the statute. The phrase has been accurately interpreted in American Laundry Machinery Co. v. Dean, D.C., 292 F. 620, 622, wherein it was said: "The court places no reliance whatever upon the language of the law, 'whether on organization or re-

organization'. These are not words of limitation, restricting the operation of the tax to the cases of original organization or reorganization of corporations, but are simply declaratory of the application of the law to cases of original organization and reorganization, as well as cases of all other original issues. * ⁰* *" This Court is in complete agreement with the interpretation so made by Judge Hickenlooper, then United States District Judge for the Southern District of Ohio. The conclusion is further sustained by Cleveland Provision Co. v. Weiss, D.C., 4 F.2d 408, 410; and W. T. Grant Co. v. Duggan, 2 Cir., 94 F.2d 859. The Court finds no inconsistency between the determination herein and that reached by this Court in Deshler Hotel Co. v. Busey, D.C., 36 F.Supp. 392.

■ It is the judgment of this Court that the tax was properly assessed and collected and that the Regulations involved are valid insofar as their application to the instant case is concerned. Judgment will therefore be entered for the defendant and costs assessed against the plaintiff.

Entry accordingly.

### Findings of Fact

The Court makes the following findings of fact:

1. That the Ohio State Life Insurance Company, plaintiff herein, is a corporation duly organized and existing under the laws of Ohio, with its principal place of business in the City of Columbus, Franklin County, Ohio, and in the Eleventh Collection District of Ohio. It was incorporated on or about February 26, 1906, with an authorized capital stock of $100,000 divided into one thousand shares of $100 each, all of which was subscribed for, accepted, taken and fully paid before commencement of business. Exhibit A, being a copy of the articles of incorporation of said plaintiff.

2. That the defendant, Harry F. Busey, is, and at all times subsequent to January 24, 1940, has been, the duly appointed, qualified and acting Collector of Internal Revenue for the Eleventh Collection District of Ohio.

■ 3. That this is an action for the refund of $501.60 assessed against and paid by plaintiff as documentary stamp taxes. The Court has jurisdiction of this action under the provisions of Section 24(5) of the Judicial Code as amended, Sec. 41(5) of Title 28 of the United States Code Annotated.

4. That on April 18, 1907, at a meeting of the stockholders, duly called therefor, a resolution was passed increasing plaintiff's then capital stock from $100,000, consisting of 1,000 shares of $100 par value each, to $500,000 divided into 5,000 shares of the par value of $100 each. Pursuant to the foregoing resolution, plaintiff's directors and officers duly filed with the Secretary of State of the State of Ohio a certificate of increase in capital stock. Exhibit B, being a true copy of said certificate of increase.

5. That on January 28, 1937, plaintiff's stockholders, at a meeting duly called therefor, adopted a resolution amending its articles of incorporation and charter to change the then outstanding capital stock of $500,000 from 5,000 shares of $100 par value each to 50,000 shares of $10 par value each. Exhibit C, being a certified copy of the certificate amending the articles of incorporation as filed in the office of the Secretary of State of the State of Ohio.

6. That on January 25, 1940, plaintiff's stockholders, at a meeting duly called therefor, adopted a resolution pursuant to which Article Fourth of plaintiff's articles of incorporation and charter was amended to read as follows: "Fourth. The capital stock of said Corporation shall be One Million Dollars ($1,000,000.00) divided into One Hundred Thousand (100,000) shares of the par value of Ten Dollars ($10.00) each." Exhibit D, being a certified copy of the certificate of amendment filed with the office of the Secretary of State of the State of Ohio, on January 25, 1940.

7. That on January 25, 1940, plaintiff's directors, pursuant to the authority conferred upon them, passed a resolution increasing plaintiff's capital stock from $500,000 to $1,000,000 divided into 100,000 shares of the par value of $10 each. Exhibit E, being a certified copy of the certificate of increase in capital stock containing the resolution passed by the board of directors.

8. That at the aforesaid meeting held January 25, 1940, plaintiff's stockholders also adopted a resolution recommending to to Board of Directors that it effect the authorized increase of the amount of capital stock from $500,000 to $1,000,000 by transferring $500,000 from the total surplus to the stated capital of the company by

declaring a stock dividend to stockholders of the company in the amount of $500,000 divided into 50,000 fully paid and non-assessable shares of precisely the same character as the old capital stock shares, and of the par value of $10 each. Exhibit F, being a true copy of said resolution.

9. That subsequent to the stockholders' meeting at which it was recommended that the directors declare a stock dividend in the amount of $500,000, the directors of the plaintiff corporation met and passed a resolution declaring such a dividend. Exhibit G, being a true copy of said resolution.

10. That Exhibits H and I, respectively, are specimen copies of the stock certificates which were issued prior to the amendment of the articles of incorporation, whereby the capital was increased from $500,000 to $1,000,000, and of the certificates issued as stock dividends.

11. That Exhibit J is a specimen copy of a certificate issued by the plaintiff in 1923.

12. That on or after March 1, 1940, but as of March 1, 1940, the said 50,000 shares were issued in accordance with the aforesaid resolution of the directors and there was promptly transferred $500,000 from surplus to capital to cover the $500,000 of additional stock issued and distributed as a stock dividend, thus increasing plaintiff's capital stock from $500,000 to $1,000,000.

13. That plaintiff did not affix stamps with respect to the issuance of the certificates evidencing the stock dividend shares. On or about March 22, 1940, the Commissioner of Internal Revenue assessed against plaintiff stamp taxes in the amount of $501.60 on the issuance of said shares by plaintiff to its stockholders of record as of March 1, 1940. Thereupon the Collector of Internal Revenue demanded and received from plaintiff the amount of said assessment of $501.60, which amount was paid by plaintiff on April 1, 1940, under protest, and posted by the Collector of Internal Revenue on April 2, 1940.

14. That on April 1, 1940, after said payment, plaintiff filed its claim for refund of $501.60.

15. That by letter dated August 17, 1940, the Commissioner of Internal Revenue rejected plaintiff's claim for refund. Exhibit K, being a true copy of said letter of rejection.

## Conclusions of Law

The Court makes the following conclusions of law herein:

a. That the Court has jurisdiction of this action under the provisions of Section 24 (5) of the Judicial Code as amended, Sec. 41 (5) of Title 28 of the United States Code Annotated.

b. That in Section 1802(a) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev. Code, § 1802(a), which imposes a stamp tax on each original issue of shares or certificates of stock, the words, "whether on organization or reorganization," are not words of limitation, restricting the operation of the tax to cases of original organization or reorganization of corporations, but are simply declaratory of the application of the law to cases of original organization and reorganization, as well as to cases of other original issues.

c. That the Regulations of the Treasury Department, insofar as their application to the present case is concerned, are valid and within the scope of the statute.

d. That the tax upon which the plaintiff bases its action herein was properly assessed and properly collected.

e. That said plaintiff is not entitled to recover herein.