OPINION. Oppee, Judge: For the years prior to those in issue, respondent raised no objection to petitioner’s deduction of contributions made by it to Tavannes Associates, Inc. However, upon the remodeling of the statutes relating to employee pension and profit-sharing trusts, the deductions were disallowed because the contributions were made to a corporation and not a trust. The 1942 amendment explicitly states that deductions for contributions by an employer to a stock bonus, pension, profit-sharing, or annuity plan shall only be deductible under section 23 (p); and under section 23 (p) (1) (C), the contributions must be paid into “a stock bonus or profit-sharing trust,” which is exempt under section 165 (a) ,[1] Section 165 (a) provides that a “trust forming part of a stock bonus, pension, or profit-sharing plan of an employer for the exclusive benefit of his employees * * * shall not be taxable under this supplement * * *.” On its face there would be a failure by petitioner to comply with the statute, were it not for the grace provisions of the 1942 amendment. These provide that the amendments shall be applicable with respect to taxable years of the employer beginning after December 31, 1941, except that: (1) In the case of a stock bonus, pension, profit-sharing, or annuity plan in effect on or before September 1,1942, (A) such a plan shall not become subject to the requirements of section 165 (a) (3), (4), (5), and (6) until the beginning of the first taxable year beginning after December 31,1942, (B) such a plan shall be considered as satisfying the requirements of section 165 (a) (3), (4), (5), and (6) for the period beginning with the beginning of the first taxable year following December 31, 1942, and ending December 31, 1943, if the plan satisfies such requirements by December 31, 1943, ******* [Revenue Act of 1942, section 162 (d).] By further legislation the latter date was extended ultimately to June 30,1945, in substantially the same language. The requirements of section 165 (a) (1) and (2), however, and particularly the necessity that payments be made to a trust, were not permitted retroactive compliance in any degree by these grace provisions. And the trust which petitioner ultimately established was not in existence in the tax years, and hence can not be relied on as justifying the deductions at that time. Even the grace provisions as to 165 (a) (3), (4), (5), and (6) do not apply to petitioner. The subject is a technical one at best, where scope for respondent’s regulatory supervision must be allowed. Regulations 103, amended in 1943, deal expressly with this situation when they state: “A plan which requires the use of a trust is not in effect as of September 1,1942, if there was no valid trust in existence at that time.” Sec. 19.165 (a) (4)-2, as amended July 8, 1943, T. D. 5278. These regulations are of more than usual significance, not only because they were in effect when the ultimate extension of the grace period was enacted and hence can be treated as expressing the legislative view, Helvering v. Reynolds Tobacco Co., 306 U. S. 110, but also because they should have served notice upon petitioner that its contributions for all of the period in controversy were being channeled through an unacceptable medium. The regulations in question were filed with the Division of the Federal Register July 8, 1943. 1943 C. B., 499. Petitioner did not make its contribution for the first taxable year in issue until July 20 following. The conclusion seems inescapable that, unless there was a trust in existence prior to September 1, 1942, the approval ultimately given by respondent did not operate retroactively to sanction the deductions now claimed. Petitioner insists in the alternative that the abandoned corporation itself constituted a trust. Without considering the difficulties of imputing trust duties and beneficiaries to an organism never so conceived, the insurmountable obstacle to that view is that the corporation never complied at any time with the added requirements of the amendments. In sum, the trust which ultimately so conformed to the specifications of 23 (p) and 165 did not exist in the period when the contributions under consideration were made, and, of course, could not have received them in those years; and the actual recipient of the contributions never conformed to the requirements at all. Since both conditions are requisite to authorize the deductions, the deficiency must be sustained. Reviewed by the Court. Decision will be entered for the resyondent. SEC. 165. EMPLOYEES’ TRUSTS. (а) Exemption Prom Tax. — A trust forming part of a stock bonus, pension, or profit-sharing plan of an employer for the exclusive benefit of his employees or their beneficiaries shall not be taxable under this supplement and no other provision of this supplement shall apply with respect to such trust or to its beneficiary— (1) if contributions are made to the trust by such employer, or employees, or both, for the purpose of distributing to such employees or their beneficiaries the corpus and income of the fund accumulated by the trust in accordance with such plan ; (2) if under the trust instrument it is impossible, at any time prior to the satisfaction of all liabilities with respect to employees and their beneficiaries under the trust, for any part of the corpus or income to be (within the taxable year or thereafter) used for, or diverted to, purposes other than for the exclusive benefit of his employees or their beneficiaries ; (3) if the trust, or two or more trusts, or the trust or trusts and annuity plan or plans are designated by the employer as constituting parts of a plan intended to qualify under this subsection which benefits either— (A) 70 per centum or more of all the employees * * * or (B) such employees as qualify under a classification set up by the employer and found by the Commissioner not to be discriminatory * * * and (4) if the contributions or benefits provided under the plan do not discriminate in favor of employees who are officers, shareholders, persons whose principal duties consist in supervising the work of other employees, or highly compensated employees. (5) A classification shall not be considered discriminatory within the meaning of paragraphs (3) (B) or (4) of this subsection merely because it excludes employees the whole of whose remuneration constitutes “wages” under section 1426 (a) (1) (relating to the Federal Insurance Contributions Act) or merely because it is limited to salaried or clerical employees. * * * (б) A plan shall be considered as meeting the requirements of paragraph (3) of this subsection during the whole of any taxable year of the plan if on one day in each quarter it satisfied such requirements.