## UNITED STATES v. COVEY GAS & OIL.

### No. 3664.

United States Court of Appeals
Tenth Circuit.

Dec. 2, 1948.

Helen Goodner, Sp. Asst. to Atty. Gen. (Theron Lamar Caudle, Asst. Atty. Gen., Sewall Key and George A. Stinson, Sp. Assts. to Atty. Gen., and Dan B. Shields, U. S. Atty., and Scott M. Matheson, Asst. U. S. Atty., both of Salt Lake City, Utah, on the brief), for appellant.

Richard L. Bird, Jr., of Salt Lake City, Utah (Lynn S. Richards, of Salt Lake City, Utah, on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

The question presented in this case is whether the operator of a ballroom who

regularly admits men at one rate of admission charge and women at a lower rate is required to collect from the women and make return thereof an admission tax equal in amount to that collected from the men.

Section 1700(a) of the Internal Revenue Code, 26 U.S.C.A. § 1700(a), imposes a tax at rates therein specified upon the amount paid for admission to any place; and it provides that in the case of persons, except bona fide employees, municipal officers on official business, and children under twelve years of age, admitted free or at reduced rates to any place at a time when and under circumstances under which an admission charge is made to other persons, an equivalent tax shall be collected based upon the price so charged to such other persons for the same or similar accommodations. Section 1715, 26 U.S.C.A. § 1715, requires the person receiving payments for admission charge subject to the tax to collect the amount of the tax from the persons making such payments. Section 1716, 26 U.S.C.A. § 1716, requires the persons obligated to collect the taxes to make returns thereof. Section 3791, 26 U.S.C.A. § 3791, empowers the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, to make needful rules and regulations for the administration of the Code. And section 101.5 of Treasury Regulation 43, as amended by Treasury Decision 5129, provides that a person admitted free or at a reduced rate to any place at a time and under circumstances under which an admission charge is made to other persons is liable to tax in amount equivalent to the tax on the amount paid by such other persons for the same or similar accommodations; that where persons in a certain group or class, such as students twelve years of age or over, women, or members of a particular organization, are admitted at a price less than the established price of admission to the public generally, they are liable for tax based upon the established price of admission to other persons for the same or similar accommodations; and that women admitted free or at reduced rates to dances or any other place are liable for tax based upon the established price of admission to other persons.

Covey Gas & Oil, a partnership hereinafter referred to as the taxpayer, and its predecessors in interest, owned and operated the Coconut Grove Ballroom in Salt Lake City, Utah, from September 1, 1942, through July 31, 1944. Upon admission to the ballroom, both men and women were admitted to the dance floor and to the soft drink facilities. And, except for a difference in restrooms and the need for the policing of drinking among men, the accommodations were substantially the same. An admission charge was made and collected from those admitted to the ballroom, and taxes were returned and paid. But less was charged for the admission of women than for the admission of men, and the tax collected from each group and returned was based on the amount actually charged and collected. The Commissioner of Internal Revenue required payment of an additional sum representing the tax on the admission charges of women based upon the amount charged men. The taxpayer made payment under protest, filed a claim for its return, and upon rejection of the claim filed this action for its recovery. The Court entered judgment for the taxpayer, and the United States appealed.

■ Where the language of a section or provision in the Internal Revenue Code is plain and unambiguous, there is no occasion or function for an effective interpretative regulation under it. But section 1700, supra, does not undertake to define or delimit the words "reduced rates" as therein used. And, while those words are not terms of art in the field of statutory lexicography or terminology, the statute is not entirely clear in its use of them. Instead, the statutory language dealing with the liability for tax of persons admitted to a dancehall at lower rates than are charged others is so general in terms as to render an interpretative regulation appropriate. Cf. Morrissey v. Commissioner, 296 U.S. 344, 56 S.Ct. 289, 80 L.Ed. 263; Helvering v. R. J. Reynolds Tobacco Co., 306 U.S. 110, 59 S.Ct. 423, 83 L.Ed. 536; Helvering v. Wilshire Oil Co., 308 U.S. 90, 60 S.Ct. 18, 84 L.Ed. 101; Helvering v. Reynolds, 313 U.S. 428, 61 S.Ct. 971, 85 L.Ed. 1438, 134 A.L.R. 1155. The regulation, as amended, is not unreasonable or

inconsistent with the statute. It reflects a reasonable view of the language contained in the statute and is valid, even though some other view might also have some tenable basis. Therefore, the statute and the regulation are to be considered together.

The statute, in referring to those admitted at reduced rates, expressly excludes certain persons. They are bona fide employees, municipal officers on official business, and children under twelve years of age. Women as a class are not among those expressly excluded. And it seems reasonable to assume that if Congress had intended to exclude women as a class from the exactions of the statute relating to the payment of admission tax equal in amount to that exacted from others for admission to a dancehall or other like place of entertainment with substantially the same accommodations it would have used language indicating such intent. But the regulation, as amended, does provide that where persons of a certain group or class, such as students twelve years of age or over, women, or members of a particular organization, are admitted at a price less than the established price of admission to the public generally, they are liable for tax based on the established price of admission to other persons for the same or similar accommodations. And it goes further. It expressly provides that women admitted at reduced rates to dances or any other place are liable for tax based upon the established price of admission to others. We fail to find any basis for the conclusion that the critical words "reduced rates" as used in the statute have application only in instances where on special occasions, sometimes called ladies' night and sometimes bearing other nomenclature, ladies are admitted to a dancehall or other like place of entertainment at a lower rate of admission charge than is commonly exacted from ladies on other nights or on other occasions. Viewed in the light of the background against which the statute was enacted, and taking into consideration the Congressional purpose sought to be achieved, we think that Congress intended the words "reduced rates" as used in the statute to mean and include a lower rate than that charged for others at the same time and for substantially the same accommodations.

The judgment is reversed and the cause remanded with directions to dismiss the action.