In the Matter of United States Steel Corporation, Petitioner, *v.* Hilda G. Schwartz, as Director of Finance of the City of New York (Originally against Lawrence E. Gerosa, as Comptroller of the City of New York), Respondent.

First Department, November 30, 1967.

*A. Chauncey Newlin* of counsel (*Arthur E. Hauser* and *E. Vincent O'Brien* with him on the brief; *White & Case,* attorneys), for petitioner.

*Isaac C. Donner* of counsel (*Stanley Buchsbaum, Samuel J. Warms* and *Solomon Portnow* with him on the brief; *J. Lee Rankin, Corporation Counsel,* attorney), for respondent.

McGIVERN, J.   This is an article 78 proceeding to review a final determination of a business tax deficiency made by the Director of Finance for the privilege periods involved, namely July 1, 1948 through June 30, 1951.   The determination was made, after hearings, pursuant to a remand by this court directing a recomputation of the tax on petitioner's dividend and interest receipts on an allocated basis and directing further consideration of the question of penalties.

The Director of Finance in arriving at his determination, adhered to a new formula which he propounded at the hearings. Before announcing his determination he first afforded the taxpayer an opportunity to object thereto, to offer alternatives or to demonstrate how the formula would bring about an unfair result.   Petitioner United States Steel Corporation declined to suggest in what way the tax was unfair or unreasonable.   Even now it does not assail the determination on the issue of fairness and reasonableness.

The allocation formula under review provided for taxing a percentage of petitioner's dividend and interest receipts, equal to the average of the percentages yielded by three factors relating to property, wages and costs.   The formula is similar to that prescribed by the State Legislature in the amendment of the enabling act for the city's General Business and Financial Tax effective July 1, 1961 (L. 1961, ch. 936) for allocation of receipts of interest and dividends by holding companies from controlled corporations.   In the view of the Director, this formula adopted by the Legislature could appropriately be taken as a norm both fair and reasonable and satisfactorily applied, under similar circumstances, to a corporation that was engaged in activities of a similar nature in prior years.

This court agrees with and upholds the determination of the Director of Finance.   It is not questioned as to fairness.   And the rationale of the Director clearly shows freedom from caprice or arbitrariness.   The fact that it is retroactively applied is not sufficient to invalidate it.   (*Matter of Federated Dept. Stores v. Gerosa,* 16 N Y 2d 320.)   There, as here, the court considered a formula newly devised by the Comptroller because an earlier method prescribed by the Comptroller was held invalid

by the Court of Appeals. And in *Federated,* it was said (p. 324): "What the formula must offer is not perfection but a 'rough approximation' of a just allocation (*Illinois Cent. R. Co.* v. *Minnesota,* 309 U. S. 157, 161; *Harvester Co.* v. *Evatt,* 329 U. S. 416, 422–423)." And the court per BERGAN, J., minimized the attack on the formula because the petitioner had not demonstrated unfairness. Here, unfairness is not even asserted, nor any effort made to prove that by it an injustice has been wrought.

Nor can the formula be impugned as being discriminatory because not applicable to others. This is of no moment. There has been no occasion to apply it elsewhere. And in any event, the criterion is fairness, or the lack of it, not multiplicity of application.

Petitioner says we should apply the formulæ obtaining contemporaneously with the years under consideration. We cannot. Those regulations pertaining to holding companies taxable as a "financial business" have been declared illegal and void by the Court of Appeals which said that holding companies were taxable only under the general business statutes. (*Matter of United States Steel Corp.* v. *Gerosa,* 7 N Y 2d 454.)

Lastly, it is difficult to fathom petitioner's cause of complaint. When this court remanded this same matter for another hearing, it was directed that the question of penalties be considered (19 A D 2d 313). These the city now remits. At the instance of petitioner, the Director assessed the tax at one half the rate prescribed by law, to reflect the fact that in prescribing the allocation formula for holding companies in 1961, the Legislature had imposed on them a tax rate one half that imposed on general business. The tax now before us exclusive of interest is $107,820.15. Thus the application of the new formula has resulted in substantial reductions to the benefit of the taxpayer.

The subject taxes relate to the years 1948–1951. Already there have been three hearings before the Comptroller or the Director of Finance. For the third time it is before us for review. In 1960 it was before the Court of Appeals.

*Interest reipublicæ ut sit finis litium.* The determination should be confirmed, with costs.

EAGER, J. (dissenting). I would vacate and remand the matter again to the Comptroller for the purpose of complying with the order of this court to recompute the tax payable by the petitioner at the general business tax rate on "an allocation basis" in accordance with his regulations in effect during the particular taxable years. (See 19 A D 2d 313.) In my opinion, the Comptroller lacked the power to prescribe retroactively an entirely new method for computing the taxes for the years

1948, 1949 and 1950. While an administrative officer, possessing legislative powers, generally has the power to modify his legislative regulations, it is submitted that he may not retroactively apply substantial changes in legislative regulations to materially alter in a prejudicial manner the liabilities of a person as established under the original regulations. (See *Helvering* v. *Griffiths*, 318 U. S. 371; *Helvering* v. *Reynolds Co.*, 306 U. S. 110; *Arizona Grocery* v. *Atchison Ry.*, 284 U. S. 370.) Furthermore, if the Comptroller may be deemed to be possessed of the power to effect a retroactive application of a new formula to fix the tax payable, his action here was discriminatory and arbitrary. It was not " fair and reasonable " for him to disregard his prior regulations, to deviate from the course devised and chartered by the prior judicial and administrative adjudications and to apply retroactively, after these many years, a new method which was not used in fixing the tax payable by other taxpayers for the particular years.

RABIN, J. (dissenting). I concur in the dissenting opinion of EAGER, J., upon constraint. When this court directed a recomputation on an allocated basis, I dissented. (*Matter of United States Steel Corp.* v. *Gerosa*, 19 A D 2d 313.) My views, as expressed in that dissent, have not changed.

BOTEIN, P. J., and TILZER, J., concur with McGIVERN, J.; EAGER and RABIN, JJ., dissent in separate opinions.

Determination confirmed and the petition dismissed, with $50 costs and disbursements to the respondent.