**ALLEN INDUSTRIES, INC., Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 18995.

United States Court of Appeals
Sixth Circuit.

Aug. 29, 1969.

Miles Jaffe, Detroit, Mich., Honigman, Miller, Schwartz & Cohn, Detroit, Mich., Jason L. Honigman, Howard K. Schwartz, on brief, for petitioner.

Chester C. Davenport, Jr., Dept. of Justice, Washington, D. C., Richard M. Roberts, Acting Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Attys., Dept. of Justice, Washington, D. C., on brief, for respondent.

Before O'SULLIVAN, CELEBREZZE and COMBS, Circuit Judges.

CELEBREZZE, Circuit Judge.

Appellant Taxpayer, Allen Industries, is appealing the decision of the Tax Court upholding a federal income tax deficiency assessment of $28,599.97.[1] The deficiency arose when the Commissioner disallowed deduction of payments to the widow of Sidney J. Allen as a business expense. The Tax Court found that the Taxpayer failed to prove that the payments to the widow were "necessary expenses" within the purview of Section 162 of the Internal Revenue Code of 1954.

Allen Industries was founded by the Allen family and incorporated under the laws of Delaware in 1927. Sidney J. Allen served as Chairman of the Board and Chief Executive Officer until his death in 1959. During his last few years his corporate remuneration amounted to about $80,000 a year in salary and bonuses.

The Appellant Corporation's stock has has been listed and traded on the New York Stock Exchange since 1937. Of the 676,118 shares that were issued, slightly over 110,000 shares were controlled by the Allen family. Three of the seven Directors' positions were also held by the family at the time of the Board of Directors' unanimous adoption of the following resolution authorizing the payment to the widow of Sidney J. Allen:

"RESOLVED, That the sum of $55,000 be and the same hereby is authorized to be paid by the Corporation to Phyllis Z. Allen, Widow of Sidney J. Allen who, at the time of his decease on April 8, 1959, was the Chairman of the Board of Directors of this Corporation, one of its founders and its chief executive officer since its inception, said sum to be paid to the said Mrs. Allen in equal monthly installments over the next twelve calendar months."

Prior to the Board's meeting of April 29, 1959, the Directors felt that some action should be taken to recognize Sidney J. Allen's contribution to the Corporation since its inception. One of the Directors, Mr. Oscar Markus, was requested to find what other corporations had done in similar circumstances. At the Board meeting on April 20th, Markus reported that there were numerous corporations listed on the New York Stock Exchange which had made payments of approximately one year's salary to the widows of past senior officers. He read a list of these corporations, but the record does not reveal that there was any discussion concerning the policy existing behind the practice. Although two of the Appellant's tax consultants and one of its accountants were present, there is no showing that tax consequences were discussed. The record is devoid of any discussion concerning the passage of the resolution or of any indication that the Directors felt an obligation to make the payments or that Sidney J. Allen was inadequately paid.

The question before this Court is whether the payments made to the widow, Mrs. Allen, are deductible as "ordinary and necessary business expenses" under Section 162(a) of the 1954 Internal Revenue Code, 26 U.S.C.A. § 162(a). There is no dispute concerning the "ordinary" characterization of the pay-

1. The Tax Court decision is reported at 27 TCM 542 (1968).

ments, for they have become the common practice of the business community of which Appellant is a part. Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212 (1933), Vesuvius Crucible Co., 24 TCM 750, 751 (1965), affirmed 356 F.2d 948 (3rd Cir. 1966), Interstate Drop Forge Co., 22 TCM 701, 703 (1963), affirmed 326 F.2d 743 (7th Cir. 1964).

The main issue is whether the expense in this instance was "necessary" within the purview of the statute. In order to take advantage of the deduction the taxpayer has the burden of demonstrating that the prime motivating force behind the Board of Directors' action was the intent [2] to have it result in a business benefit. Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 286, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960), *Vesuvius Crucible Co.,* supra at 752, Interstate Drop Forge Co., 22 TCM 701, 703 (1965), 326 F.2d 743, 747 (7th Cir. 1964), Wagner Manufacturing Co. v. United States, 235 F.Supp. 969, 974 (E.D.Wisc.1964). See Rubber Associates, Inc. v. Commissioner of Internal Revenue, 335 F.2d 75, 81 (6th Cir. 1964). This question is one of fact and the Tax Court's finding must stand unless it is clearly erroneous. *Vesuvius Crucible Co.,* supra, Fifth Avenue Coach Lines, Inc., 31 TCM 1080, 1094 (1959), reversed on other issues 281 F.2d 556 (2d Cir. 1960). The Tax Court found that at the time of the Board meeting the motive which dominated Appellant was not "to serve a business purpose or to result in the inurement of a business benefit", but that the action was primarily motivated by the Directors' respect for and appreciation of Mr. Allen and his contribution to the Corporation.

Appellant alleges that the motivating force behind the action was to secure intangible business benefits and to " * * enhance morale among * * * executives, employees, and customers." From a reading of the testimony of the five Directors who testified, it is evident that the main purpose behind the payments to Mrs. Allen was to recognize Sidney J. Allen's long service and outstanding contribution to the Appellant over the past years. The Directors readily admit that there was no express corporate policy or plan regarding widow payments prior to or after the death of Sidney J. Allen.[3] Plastic Binding Corp., 26 TCM 687, 691 (1967), *Interstate Drop Forge Co.,* supra, Weyenberg Shoe Manufacturing Co., 23 TCM 1997 (1964), Fort Orange Paper Co., 19 TCM 917 (1960). Although several Directors did state that they had considered the possibility of business benefits,[4] this is not sufficient to prove such consideration to be the prime motivating force behind the Board's action. *Interstate Drop Forge Co.,* supra at 747.

In addition, the payments were not referred to in the Annual Report nor made known to the public, the key personnel, or the customers. It is difficult for this Court to see how the payments could have served the alleged business purpose since they were in no way publicized. Vesuvius Crucible Co., 24 TCM 750, 752 (1965), affirmed 356 F.2d 948 (3rd Cir. 1966), E. R. Wagner Manufacturing Co. v. United States, 235 F.Supp. 969, 975 (1964). The Tax Court weighed these and other factors in its decision and correctly found that " * * * there was almost utter unconcern for obtaining possible business benefits from the payments."

2. Appellant questions the necessity of proving any intent by relying on Reg. 118, Sec. 39.23(a) (9), 1939 Code. It appears that Appellant it attempting to employ the re-enactment doctrine developed in Helvering v. R. J. Reynolds Tobacco Co., 306 U.S. 110, 59 S.Ct. 423, 83 L.Ed. 536 (1939) as a rule of law. However, the same argument was fully dealt with and disposed of in Interstate Drop Forge Co.

v. Commissioner of Internal Revenue, 326 F.2d 743, 746 (7th Cir. 1964).

3. There were payments made to three other employees' widows, but these were for various non-business reasons and one payment was not even acted on by the Board.

4. These considerations were not discussed at the Board meeting.

986

In reaching its decision the Tax Court had all the material evidence relevant to the factual issue and was in the best position to evaluate the testimony. When dealing with issues of fact, the Tax Court's findings will not be reversed by a reviewing court unless they are found to be clearly erroneous. Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 291, 80 S.Ct. 1190, 4 L.Ed. 2d 1218 (1960), Rubber Associates, Inc. v. Commissioner of Internal Revenue, 335 F.2d 75 (1964). After careful consideration of the arguments presented and the revelant testimony, we have concluded that the Tax Court's finding was not clearly erroneous. The evidence supports the finding that the proof offered by Appellant taxpayer was insufficient to prove that the prime motivating force behind the Board's resolution was to serve a business purpose.

The Taxpayer did not contend in the Tax Court that the payments represented compensation for services performed by Sidney J. Allen. Therefore, the issue will not be considered by this Court. Commissioner of Internal Revenue v. Lo-Bue, 351 U.S. 243, 76 S.Ct. 800, 100 L.Ed. 1142 (1956), Consumers Credit Rural Electric Cooperative Corp. v. Commissioner of Internal Revenue, 319 F.2d 475 (6th Cir. 1963).

Taxpayer also alleges the deductibility of the payments under Section 404(a) of the 1954 Code. It is true that this was alleged in the petition filed in the Tax Court, but in its opinion the Tax Court stated that " * * * [a]t the trial and on brief, petitioner asserted only that the payments are deductible under Section 162 and, hence, we treat the issue of deductibility under Section 404 (a) (5) as abandoned." The aforementioned issue will not be reviewed by this Court. Helvering v. Wood, 309 U.S. 344, 348, 60 S.Ct. 551, 84 L.Ed. 796 (1940).

Affirmed.