ESTATE OF JOHN L. WALKER (DECEASED), RUBY SOELLNER WALKER, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9449. Promulgated May 22, 1947.

*J. Merrill Wright, Esq.,* and *J. Stanton Carson, Esq.,* for the petitioner.

*Homer F. Benson, Esq.,* for the respondent.

---

OPINION.

Harron, *Judge*: The parties are agreed that the proceeds of the two life insurance policies involved are includible in the gross estate, but they differ on the amount to be included in the gross estate.

The question arises under section 811 (g) (2) of the Internal Revenue Code, the pertinent part of which is set forth in the margin.[1] The problem is to determine the value which is to be included in the gross estate for insurance proceeds receivable by beneficiaries other than the executrix of the estate.

Respondent determined that the value to be included in the gross estate is $81,126.74. In so doing he followed the provisions of section 81.28 of Regulations 105, which was in effect at the time of the decedent's death, and which provides in part as follows:

SEC. 81.28 VALUATION OF INSURANCE.—The amount to be returned if the policy is payable to or for the benefit of the estate is the amount receivable. If the proceeds of a policy are payable to a beneficiary other than the estate, and not to or for the benefit of the estate, the amount to be listed in the appropriate schedule of the return is the full amount receivable. (For taxable portion see section 81.27.) *In case the proceeds of a policy are made payable to the beneficiary in the form of an annuity for life or for a term of years, there should be listed in the appropriate schedule of the return the one sum payable at death under an option which could have been exercised either by the insured* or by the beneficiary, or if no option was granted, the sum used by the insurance company in determining the amount of the annuity. [Italics added.]

---

[1] SEC. 811. GROSS ESTATE.

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

\* \* \* \* \* \* \*

(g) PROCEEDS OF LIFE INSURANCE.—

\* \* \* \* \* \*

(2) RECEIVABLE BY OTHER BENEFICIARIES.—To the extent of the amount receivable by all other beneficiaries as insurance under policies upon the life of the decedent \* \* \*

The sum of $81,126.74 which respondent included in the gross estate was the one sum payable under the policies on the date of decedent's death. But it also happens to be the same as the sum which it would cost to purchase contracts paying like annuities.

Petitioner contends that the value determined under the regulation is arbitrary and excessive and that, as applied here, the regulation is invalid. Petitioner contends that the value to be included in the gross estate is $54,599, the commuted value of the future monthly annuity payments computed under the Actuaries' or Combined Experience Table of Mortality set forth in section 81.10 (i) of Regulations 105.

The question, in the last analysis, is whether the value which has been determined by the respondent is unreasonable and excessive.

The John Hancock Mutual Life Insurance Co., which issued the two policies, was regularly engaged in selling life insurance annuity contracts of the kind here involved. The charge of the John Hancock Mutual Life Insurance Co., and the resulting cost to a purchaser of an annuity comparable to the one transferred to decedent's wife through the medium of the two life insurance policies, was at least equal to the $81,126.74 lump sum payable under the policies. This is conceded by petitioner. If a similar annuity had been purchased on the date of the decedent's death from the insurance company for the wife, it would have cost not less than $81,126.74. In this instance the application of section 81.28 of the regulations has resulted in a valuation of the insurance proceeds not in excess of the replacement cost for an annuity comparable to the one transferred to the wife-beneficiary. On the facts before us, we find no reason for disturbing the determination made by the respondent under the applicable regulation.

It is now settled that for estate tax purposes a valuation of annuity contracts based upon replacement cost at the date of death is proper and reasonable. *Estate of Judson C. Welliver*, 8 T. C. 165; *Mearkle's Estate* v. *Commissioner*, 129 Fed. (2d) 386, affirming 45 B. T. A. 894. See also *Guggenheim* v. *Rasquin*, 312 U. S. 254; *United States* v. *Ryerson*, 312 U. S. 260, involving valuation for gift tax purposes. Also, it was held in *Mearkle's Estate* that a method of valuation adopted by a regulation which results in a valuation which is not in excess of replacement cost must be sustained.

The applicable regulation has been in effect continuously since 1934. Since that time Congress has made extensive changes in section 811 (g) of the Internal Revenue Code, relating to the proceeds of life insurance, but has left untouched the method of valuation prescribed by the regulation. Hence, the administrative construction of section 811 (g) as set forth in section 81.28 of Regulations 105, and as previously set forth in article 28 of Regulations 80, must be deemed to have received

legislative approval. *Helvering* v. *Reynolds Tobacco Co.*, 306 U. S. 110.

We think the question is controlled by the rationale of *Estate of Judson C. Welliver, supra,* and *Mearkle's Estate, supra.* Although those cases involved joint and survivorship annuities, the subject of the controversy was the same as it is here, namely, the value of the annuity benefits to the wife-beneficiary on the date of the decedent's death. Replacement cost was held to be the proper measure of value in the cited cases, and it likewise is to be so considered in this case.

Petitioner relies on *Estate of Archibald M. Chisholm,* 37 B. T. A. 167, and the method of valuation approved in that case. However, the *Chisholm* case is not applicable here. At the time of Chisholm's death, article 28 of Regulations 70 was in effect, and we held that the annuity payments were to be valued in accordance with the provisions of that regulation. Respondent has since changed his regulation to make the lump sum payable on the date of death, under an option which could be exercised by the insured, the controlling measure of value. The changed regulation was in effect at the time of decedent's death.[3]

The determination of the respondent that the value to be included in the gross estate is $81,126.74 is sustained.

*Decision will be entered for the respondent.*

---

[3] It should be observed that the tables set forth in section 81.10 (i) and relied upon by petitioner are not made applicable by the present regulations to the valuation of ordinary life insurance annuities. If the method of valuation adopted by respondent in section 81.28 is not controlling, a valuation based upon replacement cost would be approved. See *Mearkle's Estate* v. *Commissioner, supra.*