R. J. Durkee v. Commissioner.
Durkee v. Commissioner
Docket No. 5892.
United States Tax Court
1949 Tax Ct. Memo LEXIS 111; 8 T.C.M. (CCH) 701; T.C.M. (RIA) 49192; August 15, 1949
*111 Upon hearing in accordance with the mandate from the United States Court of Appeals, it is held, (a) that the petitioner was not, under the mandate herein, relieved of the duty of adducing evidence to meet the prima facie case made by the respondent as to basis of good will; (b) that petitioner had no basis in good will for which he received money in settlement of an action in court; and (c) that the petitioner had and settled no claims except those set forth in his action in court. H. Melvin Roberts, Esq., 6007 Euclid Ave., Cleveland, Ohio, for the petitioner. Lawrence *112 R. Bloomenthal, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: Decision was entered in this case on April 19, 1946, pursuant to opinion promulgated on that date. Appeal was taken and pursuant to opinion of June 4, 1947, the United States Circuit Court of Appeals for the Sixth Circuit on the eighth day of July 1947 issued its mandate of this Court remanding the case for further proceedings in accordance with the opinion filed therein. Counsel for the respective parties do not altogether agree as to the meaning of the opinion of the Circuit Court of Appeals. From perusal thereof we conclude that the Circuit Court of Appeals decided, and therefore that we are bound, as follows: (a) That the $25,000 was received by the petitioner in large part for good will; (b) that some part was paid in consideration of a release by a partnership and by a corporation, neither of which were plaintiffs in the suit, but that neither the character nor size of these additional claims was disclosed by the record, and that the Tax Court should hold further hearings to determine the proper allocation between the taxable and non-taxable portions of the amount received in *113 settlement; and (c) that there is applicable here the rule that a sale or conversion into cash of capital assets is a realization of the gain in value over the cost or other applicable basis of such assets, and that such realized gain is taxable income; and that the basis of good will was not determined by the Tax Court and should be determined by it. Pursuant to the mandate additional evidence was taken on November 29, 1948. Counsel for the petitioner took the view that no issue had been raised on the question of capital gain, therefore that evidence on that point could not be offered; that the petitioner had no proof to offer, and that if the respondent had any to offer the burden was upon him; that he stood squarely under the Taylor case [Helvering v. Taylor, 293 U.S. 507, affirming 70 Fed. (2d) 619]; that a deficiency had been set aside and that petitioner is "under no obligation to show that we owe any tax and, if so, how much tax we do owe"; and that it is impossible to make proof of the basis of the good will. The respondent thereupon entered his motion for judgment by default for failure to prosecute and for lack of proof on the part of the petitioner. *114 The motion was taken under consideration. The respondent then, without waiving his contention as to the duty of coming forward with the evidence, put on evidence, and we find, in addition to the facts formerly found herein, as follows: That in response to petitioner's proposition dated May 20, 1941, to settle the case in the Court of Common Pleas, the parties arrived at a settlement represented by the release of May 22, 1941. At the time of the signing of the agreement there was no discussion as to any elements entering into the matter. Nothing was paid to the petitioner for any specific claim made in his petition. There was a blanket settlement of the lawsuit and the subject matter thereof without any allocation as to specific claims either by the parties or by the attorneys, with reference to the money paid, other than what is shown in the release. The defendants contended at all times that the pleadings in the case were not true and the settlement was made as a matter of saving attorney's fees and time and for other considerations rather than because of any belief on the part of the defendants as to the correctness of the allegations on the petition. The taxpayer did not enter *115 on his books or accounts any allocation of the sum of money he received "as between capital return, or injury to good will, or lost profits, or anything of that sort." No allocation of any kind of the money was made on petitioner's books. There were no other demands or claims for damages or causes of action against the defendants, other than those alleged in the petition. The money was paid in a lump sum to settle the lawsuit and to secure the general release. No one had any thought in mind that there was any necessity of trying to allocate it among specific items. The attorneys in the matter simply discussed a certain amount of money in settlement of the lawsuit and finally arrived at a satisfactory amount. The petitioner, when he signed the release of May 22, 1941, and settled the lawsuit, did not have any claims, demands, causes of action, or any claim of any kind against the defendants except what was stated in the lawsuit. Petitioner, testifying under subpoena duces tecum, requiring him to produce inter alia and in pertinent part, "All books, records and documents, including but not limited to ledger or other book account captioned 'good will' showing existence and/or cost *116 basis of any good will belonging to the electrical contracting business conducted by the said R. J. Durkee in the City of Cleveland, Ohio, during the years 1935 to 1941, inclusive," had "Nothing definitely referring to any good will." He did not carry an account captioned "Good Will." After payment of attorneys' fees and court costs the balance of the $25,000, about $19,000, was put in the savings account and part was invested in the company. Considering the above facts and our duty under the mandate we first consider whether the $25,000 was received for anything other than settlement of the lawsuit. Under the evidence we conclude that despite the fact that the release purports to be such by the petitioner as a partner, and to be that of a corporation, in addition to petitioner's personal release, there were in fact no claims by such partnership or corporation. It seems to be the consensus of the evidence of the petitioner and the attorneys who participated in the matter that there was really no settlement except of the lawsuit. We so hold. This complies with that portion of the opinion and mandate. There remains then the question of the basis to be used in the computation of capital *117 gain; for we consider the opinion of the Circuit Court of Appeals as deciding that the recovery was for good will and therefore capital gain, to the extent that it exceeded the cost or other applicable basis. The petitioner suggests, and objected to evidence on the ground, that no capital gain issue had been set up but we consider such a contention precluded by the conclusions of the Circuit Court. Moreover, the petition herein states that the complaint in the lawsuit recites that reputation and good will had been seriously damaged and that the amount received in settlement was reimbursement for loss of good will and reputation. The Commissioner determined that the money was taxable income under section 22 (a). The determination is not only of the broadest nature, but it has many times been held that it is not the Commissioner's theory that is important but his result. Helvering v. Gowran, 87 Fed. (2d) 125; Schweitzer v. Commissioner, 75 Fed. (2d) 702; Edgar M. Carnrick, 21 B.T.A. 12; Altschul Tobacco Co. v. Commissioner, 42 Fed. (2d) 609. The question as to whether there was taxable income from capital gain, arising from disposition *118 of good will, is not even on a different theory than expressed in the determination of deficiency, but is included in its general terms. Compensation for loss of good will in excess of the cost is gross "income" for tax purposes. Raytheon Production Corporation v. Commissioner, 144 Fed. (2d) 110. Moreover, the petition alleged that the money was received in settlement of an action for damage to reputation and good will, and was "compensation for loss of good will and capital." In his original brief petitioner argued that the money was paid "solely because of damage to the good will of the petitioner's business and therefore was a capital loss." In his original brief the respondent contended that the money was paid in settlement of a claim for recovery of lost profits; furthermore, that there was no proof of cash basis of good will, "consequently even if the entire settlement figure represented damages for destruction of good will the total amount received still would constitute taxable income." In our opinion, 6 TC 773, 776, we find that if the money was received *119 for good will it would, above its basis, be a capital recovery, non-taxable; but that the record contains no showing of the basis of the good will. We consider that the question of basis for good will is before us, and that we are required by the mandate to take evidence on the matter. Petitioner's objection is overruled. Our next problem is as to burden of proof. The petitioner, at the hearing pursuant to mandate, definitely declined to adduce any evidence and though subpoenaed to produce records very obviously had none which would establish such basis. Indeed his counsel strongly took the view that it was impossible so to do. Petitioner offered no such evidence. His position is that the burden is upon the respondent, under the Taylor case, supa. This, of course, assumes that the United States Circuit Court of Appeals held that the Commissioner's determination of deficiency here was arbitrary and excessive. We will so assume. Nevertheless, in our opinion, the Taylor case does not now here apply. That case involved the general proposition of review of an assessment found to be arbitrarily made. It did not involve the question of disposition of a basis for good will which we *120 have here. On the subject of disposition of good will we have the benefit of a regulation, Sec. 29.22 (a)-10, Regulations 111.[1] This regulation has, in pertinent part, been the same as far back as 1918. Since that time section 22 (a) of the Internal Revenue Code and preceding acts, which the regulation construes, has been repeatedly reenacted, without change. Such executive construction followed by reenactment creates a rebuttable presumption that Congress approved such construction and, in the absence of rebuttal of that presumption, the regulation is to be given the force and effect of law. Biddle v. Commissioner, 302 U.S. 573; Taft v. Commissioner, 304 U.S. 351; Helvering v. R. J. Reynolds Tobacco Co., 306 U.S. 110; White v. United States, 305 U.S. 281; McFeely v. Commissioner, 296 U.S. 102. We must and do, therefore, note and presume, from the regulation, that "gain may be realized from the sale of good will built up through expenditures which have been currently deducted. * * * *121 the burden of proof is on the taxpayer to establish the cost or other basis of the good will sold." The amount received for good will, in settlement of the lawsuit, is not different from amounts received upon sale of good will. Had the court, in the Taylor case, considered the disposition of good will, and the basis thereof, it would not and could not, in the light of the above regulation, and in effect statute, because of reenactment of section 22, have held that burden of proof was not upon the taxpayer to show the cost or other basis of good will. This regulation appears not to have been cited or considered earlier in this matter. In our opinion, the petitioner had the burden of showing basis of the good will here involved. He showed nothing in that regard and declined so to do on the basis of the Taylor case. We think it does not justify such a position in this case. Numerous cases, in fact, are to the effect that the Taylor case does not even in case of arbitrary assessment exonerate petitioner and relieve him from all burden of proof. Forest Glen Creamery Co. v. Commissioner, 123 Fed. (2d) 522; National Lumber & Tie Co. v. Commissioner, 90 Fed. (2d) 216; *122 Clements v. Commissioner, 88 Fed. (2d) 791; Kansas City Southern Ry. Co. v. Commissioner, 75 Fed. (2d) 786; Wilson Coal Land Co. v. Commissioner, 87 Fed. (2d) 185Andrews v. Commissioner, 135 Fed. (2d) 314; Ohio Valley Rock Asphalt Co. v. Commissioner, 95 Fed. (2d) 87; Commissioner v. Kellogg, 119 Fed. (2d) 115. Indeed it is to be noted that the Taylor case itself does not simply invalidate completely the assessment but remands the case for further evidence, and without designating who will have the burden of proof. We need not, however, here, go so far as is the trend of the list of cases just above cited, for the Taylor case does not compel or permit the conclusion, in the light of the above regulation, that after remand the petitioner is without burden of proof here to show the basis of good will. This perhaps explains the fact that the United States Circuit Court of Appeals in this matter, though directing us to determine the proper allocation between taxable and non-taxable portions of the amount received and to determine basis of good will, did not designate who should have the burden of proof. *123 Though, as above stated, we consider petitioner to have retained the burden of proof basis of good will, we do not sustain the respondent's motion for judgment, because of additional considerations now to be examined. The respondent adduced evidence. In our opinion, regardless as *124 to where the burden of proof lay, such evidence made at least a prima facie case that the petitioner had no basis for the good will for which the $25,000 was received. The evidence was that the petitioner did not carry an account captioned "Good Will," that he had no record definitely referring to any good will, that at the time of settlement he did not allocate to good will any part of the amount received, and did not enter on his books or accounts any allocation of the sum of money he received "as between capital return, or injury to good will, or lost profits, or anything of that sort. * * * never made any allocation of any kind on the books of this money." If the petitioner never carried a good will account he never charged any expenses to good will. In the light of that fact and the provision of the above regulation that "gain may be realized from the sale of good will built up through expenditures which have been currently deducted" it seems apparent that the petitioner if he ever had any expenditures which might have constituted the basis of good will, deducted them currently, in which case, of caurse, they would not constitute basis for good will. The respondent's showing of *125 no account captioned "Good Will," no records definitely referring to good will, an no allocation of recovery to good will, logically raises a rebuttable presumption that there had been no expenditure forming a basis of good will. Petitioner's own contention that such basis could not be shown is consistent with the evidence in effect that there were no records as to good will, since if there had been records obviously it would have been possible to prove such basis. We find the petitioner in the position either of having made expenditures for good will without recording them, or of having charged them to current expense. It is not reasonable to believe that expenditures were made but nowhere charged or entered. The showing of a failure to keep a good will account or records coupled with the showing that there is no allocation to good will of any of the money received, is prima facie, at least, evidence that the petitioner had no basis of cost in the good will, upon which he realized in the settlement made. We do not consider that even the Taylor case requires the respondent to make more than a prima facie case, or that the petitioner can, after such evidence as the respondent produced *126 here, decline to proceed to meet such showing. If it is impossible, it is "a misfortune to be borne by him," Burnet v. Houston, 283 U.S. 223, most particularly where any failure to keep records is a matter of his own making. We have considered allowing the petitioner some amount as basis for good will, under the general principle announced in Cohan v. Commissioner, 39 Fed. (2d) 540, but in the light of the fact that expenditures to develop good will may have deducted as current expense, which seems indicated by the fact that no good will account was kept, we have concluded that we have no logical right to make such allowance. Petitioner having adduced no evidence, we conclude that his basis in good will was zero. It follows that the net amount of the petitioner's recovery, $19,439.95, is subject to taxation as capital gain. Since the petitioner had been in business a long period of years prior to 1941 it is long-term capital gain and taxable accordingly. Decision will be entered under Rule 50. Footnotes
1. Sec. 29.22 (a)-10↩. Sale of Good Will. - Gain or loss from a sale of good will results only when the business, or a part of it, to which the good will attaches is sold, in which case the gain or loss will be determined by comparing the sale price with the cost or other basis of the assets, including good will. (See sections 29.111-1, 29.113 (a) (14)-1, and 29.113 (b) (1)-1 to 29.113 (b) (3)-2, inclusive.) If specific payment was not made for good will, there can be no deductible loss with respect thereto, but gain may be realized from the sale of good will built up through expenditures which have been currently deducted. It is immaterial that good will may never have been carried on the books as an asset, but the burden of proof is on the taxpayer to establish the cost or other basis of the good will sold.