MICHIGAN SUPERVISORS' UNION; OFFICE & PROFESSIONAL EMPLOYEES INTERNATIONAL UNION; William T. Gannon, on behalf of himself and all other similarly situated supervisory security personnel employed by Defendant; and Travis Jones, on behalf of himself and all other similarly situated civilian employees of Defendant, Plaintiffs,

v.

STATE OF MICHIGAN; DEPARTMENT OF CORRECTIONS; and Department of Civil Service, Defendants.

No. 5:91:CV:47.

United States District Court, W.D. Michigan.

March 4, 1993.

---

Michael D. Sanders, Jeffrey L. Nyquist, Foster, Swift, Collins & Smith, PC, Lansing, MI, for plaintiffs.

Linda M. Olivieri, Lamont M. Walton, Asst. Attys. Gen., Frank J. Kelley, Atty. Gen., Corrections Div., Raymond O. Howd, Lansing, MI, for defendants.

## OPINION

ENSLEN, District Judge.

This case is before the Court on the parties' cross-motions for partial summary judgment under Federal Rule of Civil Procedure 56. Specifically, each side believes that it is entitled to judgment on count V of plaintiffs' second amended complaint. The underlying dispute is an action for recovery of unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. This case is brought as a class action under section 16 of the FLSA, 29 U.S.C. § 216.

The facts of this dispute are well-known by the parties and need not be recited at this time.

### Standard

■ In reviewing a motion for summary judgment pursuant to Rule 56, this Court should only consider the narrow questions of whether there are "genuine issues as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). On a Rule 56 motion, the Court cannot resolve issues of fact, but is empowered to determine only whether there are issues in dispute to be decided in a trial on the merits. *Gutierrez v. Lynch,* 826 F.2d 1534, 1536 (6th Cir.1987); *In re Atlas Concrete Pipe, Inc.,* 668 F.2d 905, 908 (6th Cir. 1982). The crux of the motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986); *Booker v. Brown & Williamson Tobacco Co., Inc.,* 879 F.2d 1304, 1310 (6th Cir.1989).

■ A motion for summary judgment requires this Court to view " 'inferences to be drawn from the underlying facts . . . in the light most favorable to the party opposing the motion.' " *Matsushita Electric Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 993, 8 L.Ed.2d 176 (1962)), *quoted in Historic Preservation Guild v. Burnley,* 896 F.2d 985, 993 (6th Cir.1989). On the other hand, the opponent has the burden to show that a "rational trier of fact [could] find for the non-moving party [or] that there is a *'genuine issue for trial.'* " *Historic Preservation,* 896 F.2d at 993 (quoting *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356).

■ As the Sixth Circuit has recognized and consistently emphasized, recent Supreme Court decisions encourage the granting of summary judgments where there are no material facts in dispute. *Historic Preservation,* 896 F.2d at 993 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The courts have noted that the summary judgment motion may be an "appropriate avenue for the 'just, speedy and inexpensive determination' of a matter." *Cloverdale Equipment Co. v. Simon Aerials, Inc.,* 869 F.2d 934, 937 (6th Cir.1989) (quoting *Celotex,* 477 U.S. at 327, 106 S.Ct. at 2554). Consistent with the concern for judicial economy, "the mere existence of a scintilla of evidence in support of the [non-moving party's] positions will be insufficient." *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512. "Mere allegations do not suffice." *Cloverdale,* 869 F.2d at 937. "[T]he party with the burden of proof at trial is obligated to provide concrete evidence supporting its claims and establishing the existence of a genuine issue of fact." *Id.*

### Discussion

Plaintiffs assert in count V of their amended complaint that, if this Court determines that they are paid "on a salary basis" under 29 C.F.R. § 541.118(a), then, as a matter of law, they are entitled to compensation for wages lost due to a four day, mandatory layoff in August 1991 (the "Furlough"). Defendants do not dispute that plaintiffs were laid off, without pay, for a period of less than one full workweek, in August 1991. *See* Defendants' Answer to Second Amended Complaint at ¶ 35. It is also undisputed that plaintiffs were "ready, willing and able" to work at the time of the Furlough. *See* Plaintiffs' Brief at Exhibit C. The plaintiffs performed work during a portion of the workweek which they were laid off. *Id.*

Under 29 C.F.R. § 541.118(a), plaintiffs argue that an employer is prohibited from reducing the wages of a salaried employee in any workweek in which the employee performs work. Specifically, this section provides, in relevant part:

(a) An employee will be considered to be paid "on salary basis" within the meaning of the regulations if under his employment agreement he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work

performed. Subject to the exceptions provided below, *the employee must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked.* This policy is also subject to the general rule that an employee need not be paid for any workweek in which he performs no work. *Id.* (emphasis added).

As plaintiffs correctly point out, on its face, this regulation stands for the proposition that, if a salaried employee works at all in a workweek—one minute, one hour or one day, s/he is entitled to receive his or her full salary for that week. The only exception to this rule appears in 29 C.F.R. § 541.-118(a)(2):

> (2) Deductions may be made, however, when the employee absents himself for work for a day or more *for personal reasons, other than sickness or accident.* Thus, if an employee is absent for a day or longer to handle personal affairs, his salaried status will not be effected if deductions are made from his salary for such absences.

(emphasis added).

▪ Here, plaintiffs worked at least one day in the week of the furlough. *See* Affidavit of Carol Shaffer (dkt. # 86). Moreover, the plaintiffs were "ready, willing and able" to work in the week in question. *Id.* It is clear that the August 1991 furlough was the only reason for plaintiffs' absence. Defendants have not offered any evidence to rebut these facts. The primary argument presented by defendants is that a new regulation, finalized by the Department of Labor in September 1992 (it was originally published in September 1991), provides that budget-required furloughs do not disqualify an employee from being paid on a salary basis "except in the workweek in which the furlough occurs and for which the employee's pay is accordingly reduced." 57 Fed.Reg. 37,666 (1992) (to be codified at 29 C.F.R. § 541.5d(b)). Thus, according to defendants, plaintiffs are not entitled to compensation for wages lost due to the furlough.

This argument does not succeed, however, because the new regulation is a substantive change from existing law. Accordingly, I find that it cannot be applied retroactively. In support of this finding, I have relied in part on the analysis in *Alex v. California*, 30 Wage & Hour Cas. (BNA) 1353, 1360, 1992 WL 146824 (E.D.Cal.1992). *See also Helvering v. R.J. Reynolds Tobacco Co.*, 306 U.S. 110, 59 S.Ct. 423, 83 L.Ed. 536 (1939) (substantive changes in administrative regulations cannot be applied retroactively); *Arizona Grocery Co. v. Atchison T & S.F.R. Co.*, 284 U.S. 370, 52 S.Ct. 183, 76 L.Ed. 348 (1932) (same). Defendants do not provide any legal authority to the contrary.

Thus, plaintiffs' motion for summary judgment as to count V is granted. Nonetheless, the issue of damages as to count V still remains. I will ask plaintiffs to file a brief with supporting affidavits and/or other material on this issue. Defendants may respond to plaintiffs' brief (to which plaintiffs can reply). However, it would be ideal if the parties could stipulate as to damages on this issue. If the parties can not come to an agreement on the damages issue, the parties are instructed to follow a briefing schedule laid out in the Order appended to this Opinion.

▪ Finally, because this Court has dismissed counts I, II, IV & V of plaintiffs' second amended complaint, only count III remains. Because count III is purely a state claim, breach of contract, this Court will dismiss this claim without prejudice. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 722, 86 S.Ct. 1130, 1136, 16 L.Ed.2d 218 (1966); *Wal–Juice Bar, Inc. v. Elliott*, 899 F.2d 1502, 1503 (6th Cir.1990).

### *ORDER AND PARTIAL JUDGMENT*

In accordance with the Opinion entered this date;

**IT IS HEREBY ORDERED** that defendants' motion for partial summary judgment as to count V of plaintiffs' second amended complaint, filed January 28, 1993 (dkt. # 76), is **DENIED;**

**IT IS FURTHER ORDERED** that plaintiffs' motion for partial summary judgment as to count V of plaintiffs' second amended

complaint, filed February 1, 1993 (dkt. # 78), is **GRANTED;**

**IT IS FURTHER ORDERED** that judgment is **GRANTED** in favor of all plaintiffs and against all defendants as to count V of plaintiffs' second amended complaint;

**IT IS FURTHER ORDERED** that plaintiffs shall submit to this Court within fourteen days of this Order, a brief with supporting affidavits and/or other material on the issue of damages as to count V. Defendants may file a response brief on the damages issue no later than fourteen days after receiving plaintiffs' brief on this issue. Plaintiffs may reply to defendants' response within seven days of receiving defendants' response brief;

**IT IS FURTHER ORDERED** that count III of plaintiffs' second amended complaint is **DISMISSED without prejudice.**