MICHIGAN ASSOCIATION OF GOVERNMENTAL EMPLOYEES, a Michigan membership corporation, and Leslie Cassandra Ray, for and in behalf of themselves and a class of employees similarly situated, Plaintiffs,

v.

STATE OF MICHIGAN, OFFICE OF the STATE EMPLOYER and Michigan Department of Civil Service, Defendants.

No. 5:93:CV:38.

United States District Court, W.D. Michigan.

Oct. 28, 1993.

Michael E. Cavanaugh, Brandon W. Zuk, Fraser, Trebilcock, Davis & Foster, PC, Lansing, MI for plaintiffs.

Raymond O. Howd, Frank J. Kelley, Atty. Gen., Lansing, MI, for defendants.

1. In other words, they were salaried employees.

## OPINION

ENSLEN, District Judge.

The matter before the Court is the parties' cross-motions for summary judgment. Plaintiffs' class-action was filed under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and it claims that they are entitled to reimbursement for deductions made in their salaries as a result of furlough days imposed by the State of Michigan on its employees during August, 1991.

The parties have stipulated the following facts:

1. Plaintiff and other similarly situated employees of the State of Michigan were treated by defendants as being exempt from the overtime provisions of the FLSA.[1]

2. In August and September, 1991, the State imposed budget required furlough days, or temporary layoff days, on plaintiff and similarly situation employees to reduce expenditures as required by Article V, § 20 of the Michigan Constitution.

3. All the layoffs were for less than one work week.

4. The State decided before August, 1991, to impose all the layoffs or furlough days.

Plaintiffs assert that because defendants treat plaintiffs as exempt from the FLSA's overtime provisions, they are required to pay plaintiffs on a salary basis without regard to the number of hours worked per week. Plaintiffs argue that defendants violated this provision by imposing furlough or temporary layoff days.

Defendants argue that application of the FLSA in the manner plaintiffs urge would violate the Tenth Amendment. Alternatively, defendants argue that the FLSA does not require reimbursement in this situation; it instead erases the overtime exemption for the weeks in which the furlough took place only.

Although neither party cited the case, a series of Opinions issued in *Michigan Supervisors' Union, et al. v. State of Michigan, et al.*, File No. 5:91–CV–47 (W.D.Mich., Enslen, J.), are critical to the outcome of this case.

In *MI Sup. Union,* salaried employees of Michigan's Department of Corrections sued to recover wages lost through a mandatory four day furlough imposed in August of 1991.

■ The first question addressed by that case is one of retroactivity. The general rule is that a salaried employee must receive his or her full salary for any week in which he or she performs any work without regard to the number of days or hours worked. 29 C.F.R. § 541.118(a). In my Opinion and Order dated March 4, 1993 (dkt. # 87–88), I ruled that the "budget-imposed furlough" exception to this rule, 57 Fed.Reg. 37,666 (1992), codified at 29 C.F.R. § 541.5d(b), could not be applied retroactively. Therefore, it did not reach the August, 1991 furlough, and I held that the *MI Sup. Union* plaintiffs were entitled to back pay.

■ The second question concerns the Tenth Amendment issue defendants raise in the present case. On July 23, 1993, I issued an Opinion and Order in *MI Sup. Union,* (dkt. # 118–119), denying defendants' motion to alter or amend my earlier judgment. The *MI Sup. Union* defendants raised the Tenth Amendment argument that the present defendants raise: Does application of the FLSA in this manner constitute an encroachment on state sovereignty that violates the Tenth Amendment? In the exact factual circumstance that exists in this case, I held that this application of the FLSA did not violate the Tenth Amendment, and was analogous to *Garcia v. San Antonio Metropolitan Transit Authority,* 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985). I am unpersuaded that requiring the state to reimburse its salaried employees in this situation "fl[ies] in the face of this State's most fundamental aspect of sovereignty—its ability to control its budget." Defendants' Motion for Summary Judgment at 8. In 1991, the State had several choices: make budget cuts elsewhere, only furlough hourly employees, or eliminate salaried positions so that all employees may be furloughed.[2] The FLSA does not restrict the State's ability to control its budget to an unconstitutional degree. Finally, because the new regulation grants the State a more

desirable third option, this situation will not arise again.

■ The last question concerns defendants' contention that the FLSA does not require reimbursement in this situation; instead it erases the overtime exemption for the weeks in which the furlough took place only. This conflict was also resolved by my July 23, 1993 Opinion in *MI Sup. Union.* In that Opinion, I rejected an identical argument, because such a rule completely eviscerates 29 C.F.R. § 541.118(6) and is contrary to its plain language.

*MI Sup. Union* established precedent in the Western District of Michigan that I am unpersuaded should be revised or overturned. I believe that § 541.118(a)(6) is quite clear. It states:

> The effect of making a deduction which is not permitted under these interpretations will depend upon the facts in the particular case. Where deductions are generally made when there is no work available, it indicates that there was no intention to pay the employee on a salary basis. In such a case the exemption would not be applicable to him [or her] during the entire period when such deductions were being made. On the other hand, **where a deduction not permitted by these interpretations** is inadvertent, or **is made for reasons other than lack of work, the exemption will not be considered to have been lost if the employer reimburses the employee for such deductions and promises to comply in the future.**

29 C.F.R. § 541.118(a)(6) (emphasis added). Defendants do not argue that the State wishes to lose its exemption overall, and I do not think it should. But this exemption involves an exchange of sorts—employees give up their right to overtime, and employers give up their right to reduce salaries for reasons other than lack of work. Both examples given in § 541.118(a)(6) support the "trade-off" interpretation.

The new regulation allows the State to have its cake—employees who are not eligible for overtime—and eat it too—the option of furloughing salaried employees. However,

---

**2.** I note that the majority of employees affected by this furlough were hourly, not salaried.

that was not the case in August of 1991. The plain language of the FLSA requires that plaintiffs be reimbursed for the compensation they were wrongly denied when they were furloughed. As a result, defendants' motion for summary judgment will be denied, and plaintiffs' motion for summary judgment will be granted.

### Remedies

Plaintiffs clearly must prevail as a matter of law—defendants are not exempt from the FLSA, and the August, 1991, furlough of salaried employees violated the FLSA. The only question remaining is what to do about it. I would like the attorneys for both sides to confer, and ideally, to submit a stipulated remedial order within 30 days of receipt of this Opinion and Order. If the attorneys cannot agree on remedies after their conference, plaintiffs shall submit a motion for the relief they seek within 30 days of receipt of this Opinion and Order, defendants shall respond within 15 days of receipt of plaintiffs' motion, and plaintiffs may reply within 10 days of receipt of defendants' response.

I notice that plaintiffs' motion for summary judgment asks for liquidated damages under 29 U.S.C. § 216(b), interest and attorneys' fees, in addition to back pay. To aid the parties in resolution of this matter, I point out to them that in my Opinion and Order of July 23, 1993 (dkt. # 120–121) in *MI Sup. Union,* I denied plaintiffs' request for liquidated damages under 29 U.S.C. § 216(b), denied plaintiffs' request for attorney fees and costs under 29 U.S.C. § 216(b), and granted plaintiffs' request for prejudgment interest under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

### JUDGMENT on LIABILITY

In accordance with the Opinion entered on this date;

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment (dkt. # 18), filed July 16, 1993, is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiffs' motion for summary judgment (dkt. # 20), filed July 16, 1993, is **GRANTED.**

**IT IS FURTHER ORDERED** that the attorneys for all parties shall confer as soon as possible. After that conference, the parties shall either:

A) submit a stipulated remedial order within 30 days of receipt of this Opinion and Order; or, if they cannot agree on remedies after their conference,

B) plaintiffs shall submit a motion for the relief they seek within 30 days of receipt of this Opinion and Order, defendants shall respond within 15 days of receipt of plaintiffs' motion, and plaintiffs may reply within 10 days of receipt of defendants' response.