Jeremy **PAGE–WOOD;** Carol **Mullen; Eric Gorman; Jerahn Shively; Philip Berkhousen; and Pamela Pscheidl, on behalf of themselves and other persons similarly situated, Plaintiffs,**

v.

**STATE of Michigan, Defendant.**

**No. 4:93:cv:120.**

United States District Court, W.D. Michigan.

April 14, 1994.

M. Elizabeth Bunn, Roger J. McClow, Klimist, McKnight, Sale, McClow & Canzano, P.C., Southfield, MI, Jordan Rossen, Legal Department UAW, Detroit, MI, for plaintiffs.

Raymond O. Howd, Frank J. Kelley, Atty. Gen., Lansing, MI, for defendant.

## OPINION

ENSLEN, District Judge.

The matter before the Court is the parties' cross motions for summary judgment. In support of these motions, the parties have stipulated to a set of facts they agree provide the basis for the resolution of their legal dispute.

Plaintiffs in this case are salaried employees of the State of Michigan who were required to take mandatory unpaid furlough days in 1991. Plaintiffs contend that the State's failure to pay them for these days violates the Fair Labor Standards Act ("FLSA").

Two of the three legal issues defendant raises in support of its position were considered and rejected in two earlier cases which arose from the same budgetary lay-off days. *Michigan Association of Governmental Employees v. State of Michigan*, 849 F.Supp. 1197 (W.D.Mich.1993), and *Michigan Supervisors' Union v. State of Michigan*, 826 F.Supp. 1084 (W.D.Mich.1993). For the reasons explained in the October 27, 1993, Opinion in *MAGE* and the March 4, 1993, Opinion in *Michigan Supervisors' Union*, I do not believe imposition of the FLSA in this situation violates the Tenth Amendment, and I do not believe that the FLSA allows the State to lose its overtime exemption status only for the weeks in question. Defendant has not addressed the fact that I have twice ruled against it on the same issues, and I see no reason to alter my estimation of the law in this situation.

Defendant's third argument against liability is new. It asserts that the teachers and physicians contained in this plaintiff class are exempted from the FLSA entirely, and therefore should be dismissed.

Defendant's reading of the FLSA is convoluted and counter-intuitive. It is true that physicians and teachers are excepted from the minimum salary requirement used to define "salaried" or "professional" status. *E.g.*, 29 C.F.R. § 541.3(e), 29 C.F.R. § 541.314(a). However, that fact does not lead me to conclude that these employees are not exempt from the FLSA's overtime provisions. Instead, it provides that the salaried status, and concomitant overtime exemption, of these professionals is not dependent on their rate of compensation.

### Conclusion

Plaintiffs do not seek, and the Court does not have the information necessary to make, a ruling on damages at this point. Therefore, plaintiffs' motion will be granted, and a judgment on liability only will be entered in their favor. I am hopeful that with the

precedents set in the Opinion and Judgment on Remedies issued on March 28, 1994 (dkt. ## 54–55) in *MAGE,* and the parallel Judgment issued on July 23, 1993 in *Michigan Supervisors' Union* to guide them, the parties will be able to stipulate damages. However, if they reach a point where it is clear they will not be able to do so, plaintiffs should file a motion for a judgment on damages.